Continental Gin Company, Complainant, Appellant, *v.* Lem Banks, Defendant, Appellee.

*(Nashville,* December Term, 1930.)

Opinion filed June 10, 1931.

Chas. M. Bryan and Blan R. Maxwell, for complainant, appellant.

Riddick & Riddick and W. Curtis Pope, for defendant, appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

Execution issued on November 7, 1929, and was levied on land November 8th, but was not returned by the sheriff to the Clerk's office until April 20, 1930. The first day of the term was Monday, April 7, 1930. The execution shows the following endorsement:

"Came to hand November 7, 1929. Levied November 8, 1929. Sale held up by agreement with attorney for plaintiff until too late to advertise and sell within term and returned for *vendi.*"

A motion for a *venditioni exponas* made in September following was overruled by the Chancellor, who was of opinion that the execution had lost its vitality when the sheriff failed to return it on the 1st day of the April term. Complainant appeals.

While the execution under which the levy was made in November did lose its vitality, became *functus officio,* when not returned on the first day of the April term, and the sheriff could not sell under it (*Overton* v. *Perkins,* 10 Yerg., 328), it does not follow that the motion for a *venditioni exponas* should have been overruled. Cases relied on for appellee relate to the liability of the officer, and to the life and functioning power of the *fieri facias.* The rights of the judgment creditor to other process, and particularly the authority of the Court to

issue a *venditioni exponas,* were not cut off by this delay of the officer.

It has been held that the lien of a levy once made on land may be lost by too great delay; that when no steps were taken for four years a sale then made was void. See *Mont. et al.* v. *Hall et al.,* 3 Shannon, 568. But the language of the opinion in that case by clear implication recognizes the right to the writ of *venditioni exponas* within a reasonable time after the return of the *fieri facias,* and without reference to its return on the *first day* of the term.

In *Henry* v. *Wilson,* 77 Tenn., 176, it was held that, "A *venditioni exponas* may issue on a judgment condemning land tested at a subsequent term without revival of the order." (Headnote.) Judge COOPER said:

"The ground of the first of these defenses is, that the record of the condemnation proceedings shows no renewal of the order for a *venditioni exponas* after the September term, 1876. But a *venditioni exponas* is an execution: *Rogers* v. *Jennings,* 3 Yerg., 310; *Webb* v. *Armstrong,* 5 Humph., 379. The order for its issuance stands like the order for a *fieri facias* in an ordinary judgment. At common law, the *fieri facias* was required to be issued from term to term, but this requirement was so much a matter of form that if a lapse occurred, the judgment plaintiff might make the entry on the judgment roll *nunc pro tunc.* Even the form has been abandoned in this country, and the execution issues, as of course, as long as the party is entitled to it."

A judgment creditor "is entitled to it," that is, his execution, until his judgment is satisfied or barred.

In some jurisdictions an alias *fi. fa.* is used as a substitute for the common-law writ of *venditioni exponas,* but quite generally, and certainly in Tennessee, the *vendi-*

*tioni exponas* is the proper process whenever a *fieri facias* has been returned unsatisfied, and we find no authority for holding that the right to this writ is cut off by the failure of the officer to make his return on the first day of the term. This would be to penalize the judgment creditor. The statute penalizes only the delinquent officer. As said in *Johnson* v. *McLane,* 7 Blackford, 501 (Ind.), 43 Am. Dec., 102, "The lien was created for the benefit of the execution creditor; and we cannot bring ourselves to believe, that it was the design of the legislature to deprive him of it without any fault of his own, and by the mere neglect of a ministerial officer over whose conduct he has no control."

The decree must be reversed and the cause remanded.